UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/15
```

ANTHONY HAUGHTON,

                Plaintiff,

v.

DEPARTMENT OF CORRECTION, et al.,

                Defendants.

**ORDER OF DISMISSAL**

12 Civ. 2095 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Pro se Plaintiff Anthony Haughton filed this action on March 20, 2012 (Dkt. No. 2) and this Court issued an order of service on April 3, 2012 (Dkt. No. 7). The Court's records indicate that service forms and instructions were mailed to Plaintiff on April 5, 2012, but that they were returned as undeliverable to the address provided by Plaintiff. On November 28, 2012, this Court issued an order directing Plaintiff to arrange for prompt service of the summons and complaint on Defendants. (Dkt. No. 9) This Court warned Plaintiff that "[i]f service is not made by **December 31, 2012**, and if Plaintiff does not make a written application to the Court to extend the time for service, showing good cause for the failure to serve, **this action will be dismissed**." (Id. (emphasis in original)) The Court's records indicate that, on December 3, 2012, service forms and instructions were mailed to Plaintiff again at the address on file with the Court. The service forms were again returned as undeliverable at that address. On December 19, 2012, a copy of this Court's November 28, 2012 order was mailed to Plaintiff at the same address. That order was also returned.

      Federal Rule of Civil Procedure 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court

order . . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962))). "A district court considering a Rule 41(b) dismissal must weigh five factors":

> '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

Here, all of these factors weigh in favor of dismissal without prejudice. See Edwards v. Stevens, No. 11 Civ. 7329 (PKC) (JLC), 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) ("[W]here, as here, a plaintiff fails to provide the Court with his current address, dismissal pursuant to Fed. R. Civ. P. 41(b) without prejudice is appropriate."). Plaintiff filed the Complaint nearly three years ago, and the Court has not received any papers from Plaintiff since then. See Laney v. Ramirez, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (citing Baker v. Smartwood, 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008) ("[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal.") (collecting cases)); Bridgeforth v. Thayer, No. 12 Civ. 519 (GTS) (RFT), 2012 WL 2909693, at *1-2 (N.D.N.Y. July 16, 2012) (applying these factors

2

to dismiss complaint for failure to comply with court order and for failure to prosecute where plaintiff failed to notify court of new address within two months of his release from custody). Furthermore, this Court's November 28, 2012 order specifically instructed Plaintiff that, if he did not show good cause for the failure to serve Defendants, his Complaint would be dismissed. See Dkt. No. 9. Moreover, Plaintiff's duty to keep the Clerk's Office apprised of his current address is clearly stated on Page 6 of this District's Pro Se Manual.

"Because dismissal here is without prejudice, the plaintiff will not be prejudiced by dismissal, and his right to a fair chance to be heard will be protected." Laney, 2011 WL 6594491, at *1. Finally, because Plaintiff has not filed a current address with the Court, "there is no lesser sanction which could be effective." Id. Indeed, "'[t]he demand that [a] plaintiff[ ] provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.'" Hardy v. Mid-State Corr. Facility, No. 08 Civ. 1352 (MAD) (ATB), 2011 WL 2620449, at *2 (N.D.N.Y. June 9, 2011) (quoting Dumpson v. Goord, No. 00 Civ. 6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004)). "The case cannot proceed without a current address for the plaintiff. . . ." Laney, 2011 WL 6594491, at *1. Accordingly, the factors cited above clearly weigh in favor of dismissal pursuant to Rule 41(b).

## CONCLUSION

For the reasons stated above, this action is dismissed without prejudice. The Clerk of Court is respectfully directed to mail a copy of this order to pro se Plaintiff Anthony Haughton, ID# 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, 10-10 Hazen Street, East Elmhurst, NY 11370, and to close this case.

Dated: New York, New York
February 13, 2015

SO ORDERED.

*Paul A. Gardephe*

Paul G. Gardephe
United States District Judge